UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTIN ALEXANDER BARRERA-MARTINEZ,<br><br>　　　　Petitioner,<br><br>　v.<br><br>PAM BONDI, et al.,<br><br>　　　　Respondents. | Civil Action No. 26-0572 (SDW)<br><br>OPINION |

**IT APPEARING THAT:**

1.　Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Martin Alexander Barrera-Martinez, who is presently detained by Immigration and Customs Enforcement ("ICE") in Delaney Hall Detention Facility ("Delaney Hall"), New Jersey. (ECF No. 1 ¶ 6).

2.　Respondents United States Attorney General Pamela Bondi, Department of Homeland Security ("DHS") Secretary Kristi Noem, Acting ICE Director Todd M. Lyons, and Delaney Hall Warden oppose the Petition. (ECF No. 5).

3.　Petitioner is a citizen of Ecuador. (ECF No. 1 ¶ 1). He entered the United States on May 28, 2024 without inspection or admission. (*Id.* ¶ 2). He was detained by Border Patrol and released on his own recognizance. (*Id.*)

4.　On May 29, 2024, DHS issued a Notice to Appear ("NTA") stating Petitioner was subject to removal for being a noncitizen "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (ECF No. 1-2 at 1). The statute cited was Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i). (*Id.*).

5. The NTA directed Petitioner to appear before an immigration judge on November 13, 2024. (*Id.*) Since then, Petitioner has complied with all ICE directives and has attended all hearings. (ECF No. 1 ¶ 4). He has a pending asylum application before the immigration court. (*Id.* ¶ 5).

6. Petitioner was detained by ICE at a routine check-in on January 15, 2026. (*Id.* ¶ 6). He is scheduled for a hearing on the merits of his immigration case on February 20, 2026. (ECF No. 7).

7. Petitioner argues that ICE is improperly detaining him without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 1 ¶¶ 7-9). He asserts that his detention can only be justified pursuant to 8 U.S.C. § 1226(a), which would entitle him to a bond hearing before an immigration judge. (*Id.* ¶ 10).

8. Respondents assert that Petitioner is properly detained pursuant to § 1225(b)(2) because he is a noncitizen "who entered without inspection or parole and was initially detained by immigration authorities in the interior of the country without having been lawfully admitted. As such, he is an 'applicant for admission' who is not entitled to a bond hearing." (ECF No. 5 at 1-2). In making this argument, Respondents rely on a recent Board of Immigration Appeals ("BIA") opinion that divested immigration judges of jurisdiction to hear bond requests of noncitizens detained pursuant to § 1225(b). (*Id.* at 2 (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025)).

9. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody"

2

and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

10. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

11. Section 1225 provides in relevant part that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending removal hearings. 8 U.S.C. § 1225(b)(2)(A). "Thus, it is unambiguous and patently clear that for the provision to apply and thus subject a noncitizen to mandatory detention: (1) there must be an 'examining immigration officer' who determines; (2) that an 'applicant for admission'; (3) is 'seeking admission'; and (4) 'not clearly and beyond a doubt entitled to be admitted.'" *Bethancourt Soto v. Soto, et al*., No. 25-cv-16200, __ F. Supp. 3d __, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025), *appeal filed* No. 25-3566 (3d Cir. Dec. 22, 2025).

12. Section 1226(a) "applies to aliens already present in the United States" and "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). "The line historically drawn between these two sections … is that section 1225 governs detention of non-citizens 'seeking admission into the country,' whereas section 1226 governs detention of non-citizens 'already in the country.'" *Martinez v. Hyde*, 792 F. Supp. 3d 211, 221 (D. Mass. 2025) (citing *Jennings*, 583 U.S. at 288-89).

13. Petitioner was detained by Border Patrol shortly after crossing the border on May 28, 2024. (ECF No. 1 ¶ 1). Although this would usually suggest § 1225(b) detention was appropriate, the record before this Court supports a conclusion that Petitioner was processed pursuant to § 1226(a) in 2024.

14. The NTA specifically identified Petitioner as a noncitizen "*present* in the United States who has not been admitted or paroled." (ECF No. 1-2 at 1 (emphasis added)). "Notably, the issuing officer appears to have explicitly declined to designate Petitioner as an 'arriving alien,' which is the active language used to define the scope of section 1225(b)(2)(A) … ." *Martinez*, 792 F. Supp. 3d, at 218.

15. Furthermore, noncitizens detained pursuant to § 1225(b)(2) can only be paroled pursuant to 8 U.S.C. § 1182(d)(5)(A). *See Jennings*, 583 U.S. at 300 ("That express exception to detention implies that there are no *other* circumstances under which aliens detained under § 1225(b) may be released." (emphasis in original)). This parole authority is "not unbounded: DHS may exercise its discretion to parole applicants 'only on a case-by-case basis for urgent humanitarian reasons or significant public benefit.'" *Biden v. Texas*, 597 U.S. 785, 806 (2022).

16. Respondents have not produced any documentation that demonstrates Petitioner was paroled pursuant to § 1182(d)(5)(A). (*See* ECF No. 5 at 1 (noting that Petitioner entered the United States "without inspection or parole … .")) Nor do they argue that Petitioner was released for urgent humanitarian reasons or public benefit. (*See generally* ECF No. 5).

17. "Since § 1225(b)(2) detainees can *only* be paroled for urgent humanitarian reasons or significant public benefit, it follows that Petitioner was not detained pursuant to § 1225(b)(2)" in 2024. *Garcia-Alvarado v. Warden*, No. 25-cv-16109, 2025 WL 3268606, at *3 (D.N.J. Nov. 24, 2025) (emphasis in original) (citing *Jennings*, 583 U.S. at 300).

18.     These distinctions matter.  Release on recognizance "is not 'humanitarian' or 'public benefit' 'parole into the United States' under §§ 1225 and 1182(d)(5)(A), but rather a form of 'conditional parole' from detention, authorized under § 1226." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 485 (S.D.N.Y. 2025); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) ("It is apparent that [DHS] used the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)."); *Martinez*, 792 F. Supp. 3d, at 215 (citing *Ortega-Cervantes*).  Therefore, it seems from the record that "DHS has consistently treated [Petitioner] as subject to detention on a *discretionary* basis under § 1226(a), which is fatal to Respondents' claim that he is subject to mandatory detention under § 1225(b)." *Lopez Benitez*, 795 F. Supp. 3d at 483 (emphasis in original).

19.     Accordingly, Petitioner's mandatory detention pursuant to § 1225(b)(2) violates the laws of the United States and Petitioner's Due Process rights.  Respondents are ordered to treat Petitioner as detained under § 1226(a) and provide him with an individualized bond hearing.

20.     An appropriate order follows.

                                          Hon. Susan D. Wigenton,
                                          United States District Judge
                                          Dated: February 5, 2026